**R. MAGNONI, Plaintiff,**

v.

**SMITH & LAQUERCIA, LLP et al., Defendants.**

**No. 07 Civ. 9875 (VM).**

United States District Court, S.D. New York.

Sept. 11, 2009.

David Abrams, David Abrams, Attorney at Law, New York, NY, for Plaintiff.

Thomas Everett Chase, Rottenberg Lipman Rich, P.C., New York, NY, for Defendant.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Plaintiff Renata Magnoni ("Magnoni") brought this action against defendants Smith & Laquercia, LLP ("S & L") and Thomas Laquercia ("Laquercia") (collectively "Defendants") for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), as well as violations of the New York Wage and Hour Law and the New York City Human

Rights Law. Defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56, alleging that Magnoni's FLSA claim should be dismissed and that the Court should decline to exercise supplemental jurisdiction over her remaining state law claims. For the reasons discussed below, Defendants' motion is DENIED.

## I.  BACKGROUND [1]

Magnoni's employment at S & L, where she worked as a litigation paralegal and handled the normal responsibilities of a paralegal in a litigation law firm, began in 1990. Beginning in 2003, Magnoni was paid a weekly salary with no extra premium for overtime work. S & L paid Magnoni a salary of $64,807.70 in 2005; $67,653.74 in 2006; and $21,846.12 from January 1, 2007 through April 13, 2007. Magnoni alleges that between 2003 and 2005 she did not receive compensatory time or overtime pay from S & L, but admits she received some compensatory time (though no overtime pay) in 2006 and 2007.

Magnoni estimates that she worked approximately six to seven hours of overtime per week between 2001 and 2005, and approximately eight hours of overtime per week in 2006 and 2007. Calculating her overtime on a weekly basis (omitting holidays and days off), Magnoni estimates that she worked about one hour of overtime per week in 2006 and 2007, and "more than that" in 2003, 2004, and 2005. (Certifica-

tion of Renata Magnoni, dated April 19, 2009 ("Magnoni Cert."), ¶ 3.)

In or about November 1997, while employed at S & L, Magnoni formed a business entity named Contessa Legal Process ("Contessa"), which provided process serving and court filing services. S & L was one of Contessa's many clients. Though Contessa was not incorporated at the time relevant to this action, Magnoni was the sole proprietor of Contessa and S & L made all payments for Contessa's services directly to Magnoni. For Contessa's services, S & L paid Magnoni $41,800 in 2005; $49,500 in 2006; and $11,820 through approximately April of 2007. S & L concedes that while Magnoni was S & L's employee with respect to her paralegal responsibilities, she was an independent contractor with respect to her process serving and court filing responsibilities via Contessa.

Magnoni was terminated from S & L in April of 2007, and she filed this action on November 7, 2007.[2] On December 12, 2007, Defendants filed a counterclaim against Magnoni alleging that she breached her fiduciary duty to S & L by utilizing S & L time and resources to carry out her operation of Contessa during business hours.

## II.  DISCUSSION

### A.  LEGAL STANDARD

In connection with a Rule 56 motion, "[s]ummary judgment is proper if, viewing

---

1.  The factual summary below is derived from the following documents and any exhibits or certifications submitted therewith: Magnoni's complaint, dated November 7, 2007 (the "Complaint"); Defendants' Statement of Material Facts, dated March 27, 2009 ("SMF"); and Statement Pursuant to Local Rule 56.1, dated April 20, 2009 ("SMF Opp."). Except as quoted or otherwise cited, no other specific reference to these documents will be made.

2.  Under 29 U.S.C. § 255(a), there is a two-year statute of limitations for a violation of the FLSA, and a three-year statute of limitations for a willful violation of the FLSA. Because there is no indication that Magnoni alleges that Defendants' alleged violation of the FLSA was willful, the Court will assume that Magnoni's FLSA claim accrued on her first pay day after November 7, 2005. See 29 C.F.R. § 790.21(b).

all the facts of the record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." *Samuels v. Mockry,* 77 F.3d 34, 35 (2d Cir.1996) (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986). The moving party bears the burden of proving that no genuine issue of material fact exists or that, due to the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. *See Gallo v. Prudential Residential Servs., L.P.,* 22 F.3d 1219, 1223 (2d Cir.1994).

## B. *EXEMPTION UNDER THE FLSA*

Defendants argue that Magnoni is exempt from coverage by the FLSA because the total annual compensation she received from S & L, when combining her S & L salary and the payments she received from S & L for Contessa's services, was in excess of $100,000 for 2005 and 2006, and she was projected to receive approximately $125,000 in 2007.

■ Under a regulation issued by the Department of Labor in 2004:

> An employee with total annual compensation of at least $100,000 is deemed exempt under section 13(a)(1) of the Act if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee identified in subparts B, C or D of this part.

29 C.F.R. § 541.601(a). The determination of an employee's "total annual compensation," may include "commissions, nondiscretionary bonuses and other nondiscretionary compensation earned during a 52–week period." *Id.* § 541.601(b)(1). However, the language of § 541.601 leaves no doubt that it applies only to an *employee's* total annual compensation; indeed, under the FLSA, independent contractors are exempt from overtime requirements. *See, e.g., Van Asdale v. Apollo Assocs., Ltd.,* No. 6:08–CV–531–ORL–19KRS, 2009 WL 36419, at *1 (M.D.Fla. Jan. 6, 2009) ("Independent contractors are exempt from the overtime requirements of the FLSA."); *see also Schwind v. EW & Assocs., Inc.,* 357 F.Supp.2d 691, 700 (S.D.N.Y.2005) (analyzing whether the plaintiff was an employee or independent contractor because "[t]he overtime provisions of the FLSA ... apply only to individuals who are 'employees.' "). Therefore, Magnoni's compensation for her independent contractor responsibilities cannot be considered part of her total annual compensation as S & L's employee under the FLSA.

Defendants concede that Magnoni's process serving and court filing services on behalf of Contessa were rendered in her capacity as an independent contractor, not in her capacity as an employee of S & L as a paralegal. (*See, e.g.,* Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment, dated March 27, 2009 ("Defs.' Mem."), at 1 (stating that Magnoni "was both an employee performing legal assistant responsibilities for S & L as well as an independent contractor providing significant process serving and court filing services for S & L and many other law firms"); *id.* at 2 (describing Magnoni's total annual compensation to include compensation received "both as an employee and an independent contractor"); *id.* at 3 (describing Magnoni's process serving and court filing services as inde-

pendent from her paralegal responsibilities); *id.* at 10 (characterizing Magnoni as being compensated as "both S & L's employee and S & L's independent contractor"); *id.* at 15 (describing Magnoni as "operat[ing] a separate business" while at S & L); Defendants' Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment, dated April 29, 2009 ("Defs.' Reply"), at 4 (describing Magnoni as being compensated as "both an employee and as an independent contractor").) Thus, any compensation Magnoni received as an independent contractor for the services provided by Contessa was not part of her total annual compensation as S & L's employee.

Defendants attempt to avoid this outcome by arguing that the Department of Labor's regulations define "compensation" broadly. However, Defendants do not direct the Court to any case where an "employee['s] ... total annual compensation," 29 C.F.R. § 541.601(a), included payment for services rendered as an independent contractor. This absence of authority is unsurprising; because independent contractors are exempt from the FLSA, it would be antithetical to the spirit of the FLSA to consider payment received as an independent contractor to constitute "employee" compensation, particularly given the mandate that exemptions should be narrowly construed against employers. *See In re Novartis Wage & Hour Litig.,* 593 F.Supp.2d 637, 643 (S.D.N.Y.2009) ("Due to the remedial nature of the FLSA's overtime requirement, ... exemptions should be 'narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit.'" (*quoting Bilyou v. Dutchess Beer Distribs., Inc.,* 300 F.3d 217, 222 (2d Cir.2002) (*quoting Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393

(1960)))); *see also Henry v. Quicken Loans Inc.,* No. 2:04–cv–40346, 2009 WL 596180, at *10 (E.D.Mich. Mar. 9, 2009) ("Defendants bear the burden of establishing the applicability of the highly compensated employee exemption because exemptions are to be narrowly construed and limited to those establishments plainly and unmistakably within the terms and spirit of the FLSA.")

It would unquestionably violate the terms and spirit of the FLSA to construe an "employee's" total annual compensation to include payment for separate services provided solely as an independent contractor, given that independent contractors are exempt from the FLSA's overtime provisions. While Defendants argue that the Court should not delve into the details of Magnoni's paralegal duties in order to determine her total annual compensation, Defendants' concessions leave no doubt that regardless of what Magnoni's responsibilities were as S & L's employee, they did not include her process serving and court filing services. Indeed, on the 1099–MISC IRS forms Defendants submitted to the Court, S & L consistently listed "Renata Magnoni d/b/a/ Contessa Legal Process" as receiving "nonemployee compensation" for which no state or federal income tax was withheld. (Certification of Thomas E. Chase, Esq., dated March 27, 2009 ("Chase Cert."), Ex. D); *see also Thibault v. Bell-South Telecomms., Inc.,* Civ. No. 07–0200, 2008 WL 4877158, at *6 (E.D.La. Nov. 10, 2008) (holding that employer's lack of salary withholdings on 1099–MISC form indicated that plaintiff was an independent contractor rather than an employee).

█ Because Defendants concede that Magnoni's Contessa-related process serving and court filing services were conducted in her capacity as an independent contractor, and narrowly construing the

application of FLSA exemptions against S & L, compensation for such services cannot be included in the determination of Magnoni's total annual compensation as S & L's employee under the FLSA. Magnoni therefore is not exempt as a highly compensated employee under 29 C.F.R. § 541.601(a), as her total annual compensation as S & L's employee never exceeded $100,000.

## C. *AMOUNT OF OVERTIME WORKED*

Under 29 U.S.C. § 207(a)(1), all employees covered by the FLSA must receive overtime pay of at least one and one-half times their regular wages for any hours they work in excess of forty hours per week. Defendants argue that even if Magnoni is not exempt from the FLSA, her failure to offer sufficient evidence supporting her claim that she worked for S & L in excess of forty hours in a given week requires that the Court dismiss her FLSA claim as a matter of law.

■ Defendants do not dispute that S & L did not keep records of Magnoni's days and hours of work over the relevant time period; therefore, Magnoni may provide a reasonable estimate of the hours for which she alleges she is due compensation. The Supreme Court addressed this precise situation in *Anderson v. Mt. Clemens Pottery Co.*, in which it stated that when an employer's records of an employee's hours are inadequate,

> an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evi-

dence to negative the reasonableness of the inference to be drawn from the employee's evidence.

328 U.S. 680, 687–88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). As discussed above, Magnoni has provided estimates of her overtime work for which she alleges she was not compensated. These estimates were provided in the context of deposition testimony and a signed certification. (*See* Chase Cert., Ex. A at Errata Sheet 2–3; Magnoni Cert. ¶ 3.)

■ The number of overtime hours that Magnoni worked is a question of fact. Magnoni has provided evidence of the approximate number of hours for which she believes she is entitled to overtime compensation, and Defendants dispute this evidence. There is therefore a genuine dispute of material fact on the issue, rendering summary judgment unavailable to Defendants. *See, e.g., Ramirez v. Rifkin*, 568 F.Supp.2d 262, 271 (E.D.N.Y.2008) (denying defendant's motion for summary judgment because plaintiff's deposition testimony, viewed in the most favorable light to her, created an issue of fact as to whether plaintiff worked in excess of forty hours a week, despite defendant's argument that plaintiff took frequent breaks).

Defendants argue that Magnoni's recollections in her deposition and statements are self-serving and cannot constitute "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference" under *Anderson*. 328 U.S. at 687, 66 S.Ct. 1187. However, "it is possible for plaintiff to meet this burden by relying on [her] recollection alone." *Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 335 (S.D.N.Y.2005); *see also Rivera v. Ndola Pharmacy Corp.*, 497 F.Supp.2d 381, 388 (E.D.N.Y.2007); *Boyke v. Superior Credit Corp.*, No. 01–CV–0290, 2006 WL 3833544, at *5 (N.D.N.Y. Dec. 28,

2006) ("it is well established that the employee may testify [regarding estimate of overtime hours worked] from his or her present memory and recollection alone" (listing cases)). Magnoni's approximations of her overtime hours provided in her deposition and certification are therefore sufficient to create a question of fact as to how many hours of overtime she worked over the relevant time period.

Defendants next argue that Magnoni's overtime approximations do not sufficiently account for lunch breaks, other breaks, or any of the time she spent performing Contessa's services on behalf of S & L and other law firms. According to Defendants, Magnoni's "insistence that she worked overtime while wholesale failing meaningfully to account for the time she devoted to other matters and responsibilities" must defeat her opposition to Defendants' motion. (Defs.' Reply at 3.) In her certification, however, Magnoni states that "[t]he time spent on the [process serving] business while at work for the Employer was de minimums and largely consisted of accepting work orders from the Employer itself." (Magnoni Cert. ¶ 6.) While Defendants argue that it is "virtually impossible" that Magnoni worked the claimed overtime once her work for Contessa is taken into account, (Defs.' Mem. at 8), the determination of exactly how many hours, if any, Magnoni worked overtime and how much of that time, if any, should be discounted are disputed questions of material fact that should be resolved by a trier of facts.

In *Hunter v. Sprint Corp.*, 453 F.Supp.2d 44 (D.D.C.2006), the defendant employer similarly argued that the reasonableness of the inference to be drawn from the employee's evidence should be negated. In that case, the defendant argued that no one in the employee's position could have worked the number of estimated overtime hours. The defendant, however, provided no specific evidence countering the employee's approximation, such as testimony from co-workers or records of the employee's computer activity. The court concluded:

> Resolution of this dispute of material fact necessarily requires an assessment of credibility. Certainly Sprint's evidence that Price claimed overtime for days that he was actually on leave and that he entered overtime into the DTE system on three occasions (totaling only twenty-four hours) might tend to undercut his credibility, as might other evidence that Sprint perhaps possesses. But summary judgment is not the proper vehicle for such challenges.

*Id.* at 53. Similarly, while Defendants' evidence of the extent of Contessa's process serving and court filing activities may undercut Magnoni's credibility as to how much of her S & L workday was devoted to breaks or Contessa-related duties, summary judgment is not the proper vehicle for such challenges. *See Curry v. City of Syracuse*, 316 F.3d 324, 333 (2d Cir.2003) ("It is well established that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'" (*quoting Fischl v. Armitage*, 128 F.3d 50, 55–56 (2d Cir.1997))).

Defendants' motion for summary judgment is therefore denied.[3]

### III. *ORDER*

Accordingly, for the reasons stated above, it is hereby

---

**3.** Because the Court denies Defendants' motion for summary judgment with respect to Magnoni's FLSA claim, the Court likewise denies Defendants' request to dismiss Magnoni's pendent state law claims.

**ORDERED** that the motion (Docket No. 24) of defendants Smith & Laquercia, LLP and Thomas Laquercia for summary judgment is DENIED.

The parties are directed to appear at a final pretrial conference on September 25, 2009 at 2:30 p.m. to schedule a date for trial and related preparations.

**SO ORDERED.**